

**DISTRICT ATTORNEY
KINGS COUNTY**
350 JAY STREET
BROOKLYN, NY 11201-2908
(718) 250-2000
WWW.BROOKLYNDA.ORG

**Eric Gonzalez**
District Attorney

**Sholom J. Twersky**
Deputy Bureau Chief

November 2, 2022

Hon. Carol Bagley Amon
United States District Court Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                        Re:   <u>Kingsberry v. Rockwood</u>
                              22-CV-06516

Dear Judge Amon:

    I am writing in response to your order dated October 28, 2022, concerning petitioner's application for a writ of <u>habeas corpus</u> in the above referenced case and its accompanying request for a stay in order for petitioner to exhaust his state remedies regarding a portion of his current claims. Respondent opposes the granting of a stay.

    On March 7, 2016, petitioner was convicted of Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree. Petitioner raises nine claims in his petition.[1] Respondent agrees with petitioner that he has exhausted his state remedies regarding Points IV, V & VII (<u>see</u> Petition at 4, para.15) but would argue that petitioner has also exhausted his state remedies regarding Point VI as well (<u>see</u> Point Three of appellant's state appellate brief at pp. 43-52).

    However, as for the latter points petitioner now raises that involve an actual innocence claim (Point I), a newly discovered evidence claim of witness recantation and third-party culpability (Point II), a claim that the trial testimony of two of the People's witnesses was fraudulent (Point III), and a claim that defense

---

[1] Petitioner's ninth claim is merely a catchall generalized claim alleging that in light of his eight previous claims he was denied a fair trial (<u>see</u> Petition at 4).

counsel had a conflict of interest (Point VIII), all of these contentions concern, in part, matters that cannot be determined from a review of the record. Consequently, these claims are appropriate for review in a motion to vacate judgment in state court (see N.Y. Criminal Procedure Law § 440.10) -- a state remedy which petitioner has yet to commence without credible explanation.

A district court may grant an application for a writ of habeas corpus only if "it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Because petitioner has yet to commence any proceeding in state court regarding the above four claims, he has not yet met the exhaustion requirement with regard to these claims.

A district court confronted with a "mixed" petition -- that is, a petition in which the petitioner presents claims that have been exhausted in the state courts and others that have not -- may: (1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow the petitioner to exhaust his unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 274-78 (2005); 28 U.S.C. § 2254(b)(2).

A stay order may only be granted in limited circumstances where the petitioner "can show (1) that he had good cause for [his] failure to exhaust his claims first in state court; (2) that his claims are potentially meritorious, or (said differently) not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics." Velez-Garriga v. Bell, 20-CV-5911 (EK), 2022 U.S. Dist. LEXIS 63255, at *4-5 (E.D.N.Y. Apr. 5, 2022) (citing Rhines [internal quotation marks omitted]). Where a district court deems a stay inappropriate, the petitioner may be allowed to delete the unexhausted claims and to proceed with the exhausted claims "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278.

"Although the Supreme Court did not define 'good cause' in Rhines, lower courts have determined that it requires a showing of either (1) some factor external to the petitioner [that] gave rise to the default or (2) reasonable confusion, which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief." Jeffrey v. Capra, 20-CV-232 (RPK), 2020 U.S. Dist. LEXIS 144928 (E.D.N.Y. Aug. 12, 2020) (citations and internal quotation marks omitted).

Kingsberry v. Rockwood
22-CV-06516 (CBA)
Page 3 of 3

Kingsberry v. Rockwood
22-CV-06516 (CBA)
Page 3 of 3

  This case does not warrant a stay of the <u>habeas</u> petition to allow petitioner to exhaust half of his claims in state court. First, petitioner has failed to show "good cause" for his failure to have done so prior to filing his <u>habeas</u> petition. <u>See</u> <u>Rhines</u>, 544 at 277. Indeed, as stated, petitioner, <u>who is currently represented by counsel</u>, offers no explanation for failing to exhaust the above-referenced claims prior to filing his petition other than some vague conclusory allegation that he is "in the midst of finalizing his investigation" (Petition at 4, para.15); <u>see e.g.</u>, <u>Morrow v. Capra</u>, 18-CV-5765 (LB), 2022 U.S. Dist. LEXIS 60543, at *31 (E.D.N.Y. Mar. 31, 2022) (petitioner failed to demonstrate good cause where no explanation provided as to reason claims had not been exhausted prior to filing of petition).

  Second, to the extent the crux of petitioner's unexhausted actual innocence claim (Point I) involves his related unexhausted claims of newly discovered evidence (Points II, III, VIII), petitioner's submission of mere point headings in detailing these claims which provide, i.e., "no further information about the nature of such evidence, including when it was 'discovered,' why he did not possess this evidence during trial, or why he did not file a 440 motion on the basis of such evidence prior to filing his habeas petition," demonstrates a failure to establish the good cause necessary to be granted a stay to exhaust these claims in state court. <u>Murray v. Cunningham</u>, 19-CV-767 (MKB), 2019 U.S. Dist. LEXIS 154310, at *8-9 (E.D.N.Y. Sept. 10, 1019) (<u>see</u> cases therein).

  Accordingly, this Court should dismiss the petition without prejudice unless petitioner withdraws Points I, II, III and VIII.

Sincerely,

*Sholom J. Twersky*
Sholom J. Twersky
Assistant District Attorney
(718) 250-2537
twerskys@brooklynda.org

(via e-mail)
cc: Justin Bonus, Esq.
  118-35 Queens Blvd., Suite 400
  Forest Hills, New York 11375
  justin.bonus@gmail.com

AFFIRMATION OF SERVICE BY E-MAIL

    I, Sholom J. Twersky, an attorney admitted to practice in the State of New York, and an Assistant District Attorney in Kings County, affirm the following statements to be true under the penalties of perjury:

    On the second day of November 1, 2022, I served respondent's letter in response to petitioner's stay request in Kingsberry v. Rockwood, 1:22-CV-06516, by attaching a copy to an email addressed to Justin Bonus, Esq, at justin.bonus@gmail.com.

_____
Sholom J. Twersky

DATED: November 2, 2022
       Brooklyn, New York