# JUSTIN C. BONUS, ESQ.
## ATTORNEY AT LAW

JUSTIN C. BONUS, ESQ.　　　　　　　118-35 QUEENS BOULEVARD, SUITE 400　　　　　　　TEL. (347) 920-0160
JUSTIN.BONUS@GMAIL.COM　　　　　　　　FOREST HILLS, NY 11375　　　　　　　　　　　FAX: (888) 237-8686

November 16, 2022

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Via: ECF

**Re: 1:22-cv-06516-CBA, Kingsberry v. Rockwood**
**Subj.: Stay Requested by Kingsberry**

Your Honor:

  This office has been recently retained to represent Victorious Kingsberry in the above-captioned matter. The Respondent has chosen to use procedure to effectively time-bar Mr. Kingsberry, an innocent man, from having the opportunity to exhaust his claims in state court before bringing the entirety of his case before this Court. This Court should not countenance the mere exercise of procedure by the Respondent to essentially corner off Mr. Kingsberry from bringing the entirety of the evidence that he has accumulated since his conviction.

  There is clear precedent where several courts in both the Southern and Eastern Districts have allowed the undersigned, after filing a mixed petition, to both *investigate*, gather evidence (including hiring experts), and litigate said evidence before the state courts in New York State. Campbell v. Lamanna, 2:18-cv-03683 (WFK); Davis v. LaManna, 2:19-cv-05191-JS; Gregory v. Coveny, 1:19-cv-05432-PKC; Ross v. Superintendent of Attica Correctional Facility, 2:20-cv-05398-GRB; Ramirez v. Superintendent of Five Points Correctional Facility, 1:20-cv-09147-PGG-KNF; Sarkodie v. Superintendent of Sing Sing C.F.,1:20-cv-06064-PKC.[1]

  Petitioner is of limited resources, but he has been steadily at work litigating his case. As is normally the case in the State of New York, Petitioner litigated his direct appeal, which he was advised to do by appellate counsel. While litigating his direct appeal, Petitioner began to amass evidence, including the recantation of Matthew Layne and the statement of Kayla Banks. See Exhibit

---

[1] The undersigned was the filer of the petition in those cases. There are other cases wherein the undersigned was retained and obtained a stay for the petitioner and was allowed to litigate in the state court. And specifically with regard to the Respondent's citation to Murray v. Cunningham, 19-cv-767 (MKB), 2019 U.S. Dist. LEXIS 154310 (E.D.N.Y. Sept. 10, 2019), the undersigned was the filer of the petition in that case. The witnesses in Murray were family members of the petitioner, which was why good cause could not be met.

A – Layne recantation dated July 24, 2020;² Exhibit B – Statement of Kayla Banks dated November 9, 2016. Both of these affidavits strike at the heart of the case presented by the state at trial.

Continuing along with Mr. Kingsberry's investigation, there are several individuals who have admitted in Facebook posts *and* videos that Mr. Kingsberry did not commit the murder and name the person who did. These posts have occurred over time and Mr. Kingsberry continues to investigate through the undersigned. Mr. Kingsberry intends to present these to the state court as well.

Specifically, the undersigned has reviewed voluminous documents in this case, including *thousands of pages of social media* postings. This has taken time. The undersigned, currently, is awaiting an affidavit from attorney Michael Sheinberg, who tried Mr. Kingsberry's case. Mr. Sheinberg has made it clear that he would provide Mr. Kingsberry with an affidavit. The undersigned is in the process of obtaining that affidavit. This affidavit will prove that Mr. Sheinberg violated the attorney-witness rule when he continued as Mr. Kingsberry's attorney *after* a material witness, Tyquan Burnett, recanted to him. No one else was present when Mr. Burnett recanted to Mr. Sheinberg. Importantly, the conflict claim does relate back to the ineffective claims that are exhausted in that Mr. Kingsberry did not receive a fair trial because his 6th Amendment right to effective assistance of counsel was violated cumulatively. See Rodriguez v. Hoke, 928 F.2d 534, 538 (2d Cir. 1991).

The Supreme Court has been clear, before a petitioner can come to the District Court, pursuant to 28 USC 2254, he or she must exhaust all of their state court remedies. Shinn v. Ramirez, 142 S. Ct. 1718 (2022). As this Court knows and New York State precedent is instructive, post-conviction investigation takes time to gather a body of evidence. People v. Tankleff, which has often been cited by this Court is instructive:

> "[T]he due diligence requirement is measured against the defendant's available resources and the practicalities of the particular situation" (34 NY Jur 2d, Criminal Law § 3064, at 866; see People v Hildenbrandt, 125 AD2d 819, 821, 509 NYS2d 919 (2d Dep't1986))... The defendant's investigation resulted in a body of new evidence which required time to accumulate. He should not be penalized for waiting to amass all of the new evidence and then presenting it cumulatively to the County Court. Such conduct avoided separate motions upon the discovery of each witness [or development of each argument], obviated the squandering of resources, and preserved judicial economy. 49 A.D.2d 160, 180 (N.Y.App.Div. 2d Dep't 2007).

Victorious Kingsberry is innocent. All we ask the Court is that he be given his chance to litigate his case before the state courts before bringing this evidence to Your Honor, as 28 USC 2254 requires. The Respondent will suffer no prejudice in this regard. In fact, the ends of justice will be met, both for the victim and Mr. Kingsberry. I thank the Court for its consideration. If you should have any questions, please let me know.

Sincerely,

---

² Significantly, Layne's account in his recantation is consistent with an independent eyewitness who testified that a person who resembled Tyquan Burnett turned around and stated to a person who matched the description of Donte Kennedy, "you laid him out with one shot".

JUSTIN BONUS, ESQ.


/s/Justin Bonus
Justin Bonus, Esq.

**VIA ECF**
**Kings County District Attorney's Office**